Per Curiam :
The plaintiff, Allen Pope, asks leave of the court to file in case K-366, Allen Pope v. The United States, a third motion for a new trial. In the brief in support of the motion the plaintiff alleges that the court in deciding the case was misled by false and perjured statements of Government witnesses, and that if permitted to prove the accusations he can establish the facts alleged, which will warrant the court in setting aside its former judgment and awarding a new trial.
Case K-366 was decided by the court on March 7, 1932 (76 C. Cls. 64), the plaintiff recovering a judgment for $45,174.46. Plaintiff’s first motion for a new trial challenged practically every finding of the court. The brief in support thereof was exhaustive, and in considering it the court was for the second time compelled to examine the record of facts with great care. The court declined to grant plaintiff leave to file a second motion for new trial in which the plaintiff again presented arguments to sustain a contention that many of the court’s findings of fact were erroneous and not supported by the record. In this motion the charge is made of misrepresentation by the defendant of the geological formations encountered by the plaintiff in excavating for the tunnel, and that the plaintiff was deceived thereby to his great loss and injury. The present motion filed May 7, 1935, is by the plaintiff admittedly too late, unless the allegations made therein disclose the practice of fraud and deceit of such extent as to have influenced the court in reaching its judgment, and in fact resulted in an imposition upon the court sufficiently influential to have brought about the rulings of which the plaintiff complains and prevented the plaintiff from fully and fairly presenting his case to the court, i. e., in effect, “ there never was a real decision in a real contest of the subject matter.”
The court obviously lost jurisdiction to award the relief sought so long after the expiration of the term when the judgment became final, unless the plaintiff may invoke the rule in United States v. Throckmorton, 98 U. S. 61, and *660 followed consistently since. The charges which are alleged to have foreclosed a fair and complete record in the case, are serious ones, involving malfeasance of Government officials, perjured statements of others, and a determined effort of a representative of the Department of Justice to thwart not only a fair and complete presentation of the plaintiff’s case, but a malicious intent to delay and forestall its consideration with intent to embarrass the plaintiff financially. Two of the officials against whom these serious charges are preferred are now dead, and hence unable to answer them. As to one of the deceased persons, defendant’s engineer, said to have been in charge of the actual construction work, the plaintiff’s offer to establish his guilt as to perjured statements would disclose at most a deceit of the Government in obtaining employment and as to his qualifications. The mere fact, if true, that one falsely stated that he was a graduate engineer does not in itself establish incompetency in engineering, and the evidence offered to establish the necessity of resorting to bribery to procure a decision from such a person is contained in statements made to plaintiff by parties not interested in this case, and as to transactions wholly foreign to the issues involved in the case.
As to the remaining accusations, the court’s finding NIV discloses the result of the court’s investigation of the record with respect thereto. Resort to the court by proper motions was open at all times during the pendency of the litigation to complain and seek correction of any improper professional or official conduct of a representative of the Department of Justice. In the case of Toledo Co. v. Computing Co., 261 U. S. 399, 421, the Supreme Court said:
“ There has been much discussion as to whether extrinsic fraud is here alleged, and the case of United States v. Throckmorton, 98 U. S. 61, is cited and numerous other authorities since that case. We do not find ourselves obliged to enter upon a consideration of the sometimes nice distinctions made between intrinsic and extrinsic frauds in the application of the rule, because in any case to justify setting aside a decree for fraud whether extrinsic or intrinsic, it must appear that the fraud charged realty prevented the *661 making a full and fair defense. If it does not so appear, then proof of the ultimate fact, to wit, that the decree was obtained by fraud, fails.”
This cotub said in its former opinion, 76 C. Cls. 78, “ During the course of performance innumerable disagreements arose between the contractor and the Government officials in charge of the work, much ill feeling obtained, and the record is replete with charges and countercharges respecting the efficiency and honesty of the contractor and the Government inspectors. In fact, this unfortunate situation makes it difficult to reconcile an acutely disputatious record, and from the standpoint of fact ascertained accurately as to the right. The suspicions of the inspectors may have rendered them at times unduly prejudiced and too willing to ascribe evil motives to the contractor; in fact, this very situation brought about or occasioned discord among the inspectors themselves. On the other hand, the contractor’s entertainment of disrespect for the inspectors and their ability may have led to a course of conduct where accusations of mistakes were not justified. We have gone carefully over the entire record and from it deduced the findings made.” So that manifestly the accusations in this motion made are but cumulative of charges preferred in the record and with which the court had to deal in its analysis of the record.
The motion for a new trial is overruled.