The motion for a new trial was overruled in the following per curiam opinion :
Allen Pope, the plaintiff in the case of Pope v. United States, 76 C. Cls. 64, files a fourth motion for a new trial. The court in 81 C. Cls. 658 discussed in extenso the grounds for overruling a third motion containing substantially the same allegations of fact as appear in the present motion.
The allegations of the present motion, i. e., fraud, perjury, and deliberate suppression and perversion of facts, as well as deletion of the printed record, constitute most serious accusations against government officials, and we are not to assume that they have been made without due and careful consideration.
In the trial of the case the record disclosed constant and vigorous disputation between the plaintiff and government "officials during the progress of the contract work. The court did not discover the presence of fraud, perjury, etc., now insisted upon, notwithstanding the apparent hostile attitude • of the parties toward each other and the existence of the charges at the time of trial.
The plaintiff has contended all along since the decision in his case for an opportunity to prove the serious charges he makes, aside from the contentions to this effect originally *19 made. We discussed in 81 C. Cls. 658 our inability to grant the new trial asked for, and we are convinced now, as we were then, that the court is without jurisdiction to grant a new trial. The issue of jurisdiction is the vital one now before the court.
The case of United States v. Throckmorton, 98 U. S. 61, is cited as sustaining plaintiff’s contention that even on this late date the court has jurisdiction to grant a new trial and readjudicate his case. The difficulty of applying the principles of the cited case to this motion lies in the fact that the record to establish the so-called extrinsic fraud, etc., in most respects is the precise record the court had before it originally.
In the Throckmorton case, quoting from the syllabus, the court held:
The frauds for which a bill to set aside a judgment or a decree between the same, parties, rendered by a court of competent jurisdiction, will be sustained, are those which are extrinsic or collateral to the matter tried, and not a fraud which was in issue in the former suit.
The cases where such relief has been granted are those in which, by fraud or deception practised on the unsuccessful party, he has been prevented from exhibiting fully his case, by reason of which there has never been a real contest before the court of the subject-matter of the suit.
The remedy available to plaintiff, in our view of the present status of the record, resides exclusively in Congress, and in Congress alone. The court is without jurisdiction to grant plaintiff’s motion and it is overruled. It is so ordered.